UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12601-RGS

MARSHA GRANT

v.

KELSEY ROSS, ET AL.

MEMORANDUM AND ORDER

December 19, 2018

STEARNS, D.J.

## INTRODUCTION

For the reasons set forth below, the Court (1) grants the plaintiff's motion for leave to proceed *in forma pauperis*, (2) denies plaintiff's emergency motion; and (3) directs plaintiff to file an amended complaint.

## BACKGROUND

Plaintiff Marsha Grant ("Grant"), a residential tenant of Highland House Apartments in Randolph, Massachusetts, filed a complaint against two Highland House property managers. *See* Complaint ("Compl."), Docket No. 1. The complaint is accompanied by 48 pages of exhibits. *Id.* With her complaint, Grant filed a one-page emergency motion seeking to have this federal court review the submitted documents and decide whether she must vacate her apartment by the end of December 2018. *See* Plaintiff's Motion

("Pl.'s Mot."), Docket No. 3. Grant also filed an Application to Proceed Without Prepayment of Fees and Affidavit. *See* Docket No. 2.

Grant seeks to have this federal court "review a housing case that was brought against [plaintiff by Highland House]. Compl. at ¶ III (statement of claim). Grant alleges that she was "taken to court" despite the fact that her lease was due for renewal and the assistant manager accepted Grant's payments. *Id.* She states that she must leave her apartment by the end of December. *Id.* She alleges violation of several federal statutes including the Fair Credit Act of 1970. *Id.*

Grant seeks relief "due to the stress this has caused" and for defamation of character and false claims. Compl. at ¶ IV (relief). Grant states that she "was publicly embarrassed in state court to due to the false claim" and that this affected her credit score. *Id.* Although not clearly pled, it appears that Grant sought "a stay of execution from the Quincy District Court" and that she has filed a complaint with the United States Department of Housing and Urban Development. *Id.* at p. 6. Grant seeks to have the defendants held accountable. *Id.*

MOTION TO PROCEED IN FORMA PAUPERIS

Based upon review of plaintiff's motion for leave to proceed *in forma pauperis*, the court concludes that plaintiff has demonstrated a lack of funds to prepay the filing fee. The court therefore will grant the motion.

SCREENING

Where a plaintiff is allowed to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915, the court "shall dismiss the case . . . if the court determines that - . . . the action or appeal . . . fails to state a claim on which relief may be granted[] or . . . seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e). In conducting this review, the court liberally construes the complaint because plaintiff is proceeding *pro se. See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Under the *Rooker-Feldman* doctrine, this Court lacks subject-matter jurisdiction to review the decisions of the Quincy District Court if the matter is concluded. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over "federal complaints ... [that] essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments." *Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 20 (1st Cir. 2005). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-

court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp., Inc.*, 544 U.S. 280, 284 (2005). Here, Grant's request for this court to review the state court proceedings improperly seeks, "in effect, an end-run around" state court proceedings that did not go her way. *Klimowicz v. Deutsche Bank Nat'l Trust Co.*, 907 F.3d 61, 66 (1st Cir. 2018).

Similarly, to the extent that a proceeding before the Quincy District Court is on-going, the Court will abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37, 46 (1971). A federal court must abstain from reaching the merits of a case over which it has jurisdiction "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." *Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33, 39 (1st Cir. 2012) (citation omitted). Grant's request to interfere with pending state court proceedings implicates all the requirements for *Younger* abstention. Because there are no applicable exceptions, abstention is mandatory.

To the extent Grant brings this action pursuant to the "Fair Credit Act," the complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. To state a claim for relief, a complaint must, in compliance with Fed. R. Civ. P. 8(a)(2), include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, the complaint fails to state a claim upon which relief may be granted because the statement of he claim does not meet the requirements of Rule 8(2)(a). Although there is a Fair Credit Reporting Act, *see* 15 U.S.C. § 1681s-2(b), and there is a Fair Credit Billing Act, *see* 15 U.S.C. § 1666-1666j, there is no "Fair Credit Act." Next, the complaint fails to specifically identify the alleged acts of misconduct by each of the defendants, and the Court will not consider the documents that are submitted as attachments to the complaint. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993) (ordinarily a court

may not consider any documents that are outside of the complaint, or not expressly incorporated).

If Grant wishes to pursue this action, she must file an amended complaint in which she sets forth, with clarity, the alleged misconduct of each defendant. As an amended complaint completely replaces the original complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), the plaintiff should repeat in the amended complaint any allegations in the original complaint that she wishes to be part of the operative complaint.

## PLAINTIFF'S EMERGENCY MOTION

The Court will not construe Grant's emergency motion as a request for a preliminary injunction because preliminary injunctions may not be issued without notice to the adverse party, and the complaint has not been served on the defendants. *See* Fed. R. Civ. P. 65(a)(1). To the extent she seeks an ex parte temporary restraining order, such relief may be sought pursuant to Fed. R. Civ. P. 65(b).

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. Fed R. Civ. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can

6

be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Even where a plaintiff makes a showing of "immediate and irreparable" injury, the Court cannot issue a TRO without notice to the adverse parties unless the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). The Court notes that there is no certification in writing of any effort Grant has made to provide at least informal notice to the defendants. *See* Fed. R. Civ P. 65(a)(1).

In addition to notice to the adverse parties, motions for injunctive relief must be accompanied by a memorandum in support addressing the four requirements for injunctive relief: "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves-Marquez v. Puerto Rico*, 353 F. 3d 108, 120 (1st Cir. 2003). In order to secure injunctive relief, Grant must establish that she is likely to succeed on her claim.

Because the Court finds that the *Younger* abstention and *Rooker-Feldman* doctrines bar this Court's jurisdiction, Grant has not shown a reasonable likelihood of success on the merits. The Court does not need to reach the other factors in determining whether to issue a temporary

7

restraining order. *Sindicato Puertorriqueno de Trabajadores v. Fortuno*, 699 F.3d 1, 10 (1st Cir. 2012).

ORDER

ACCORDINGLY, for the reasons stated above, it is hereby ORDERED that:

(1) The motion to proceed *in forma pauperis* is ALLOWED;

(2) The emergency motion is DENIED: and

(3) The plaintiff is directed to file an amended complaint. Failure to comply with this directive within thirty-five (35) days of the date of this Memorandum and Order will result in dismissal of this action.

SO ORDERED.

  /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE