UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12601-RGS

MARSHA GRANT

v.

KELSEY ROSS, ET AL.

ORDER

April 4, 2019

STEARNS, D.J.

Marsha Grant ("Grant") initiated this action by filing an emergency motion, a fee waiver application and a complaint against two residential property managers concerning the non-renewal of her lease. By Memorandum and Order dated December 19, 2018, the Court allowed the *in forma pauperis* motion, denied the emergency motion and stated that the complaint is subject to dismissal. *See* Docket No. 6.

The Memorandum and Order explained that the *Rooker-Feldman* doctrine precludes federal district court review of unfavorable state court judgments and that the Court will abstain from exercising jurisdiction over any on-going state court proceeding under the *Younger* abstention doctrine. *Id.* Plaintiff was advised that there is no "Fair Credit Act" and that her complaint failed to state a claim. *Id.* If plaintiff wished to proceed with this

action, she was directed to file an amended complaint curing the pleading deficiencies of her original complaint. *Id.*

Now before the Court is plaintiff's amended complaint. *See* Docket No. 10. The amended complaint references the nonexistent "Fair Credit Act" as well as 15 U.S.C. § 1692e, the Fair Debt Collection Practices Act ("FDCPA"), and the Massachusetts Consumer Protection Act.

Nothing in the amended complaint suggests that the defendants are "debt collectors" within the meaning of the FDCPA. Notably, the FDCPA distinguishes between the term "creditor" and "debt collector." A creditor is "any person who offers or extends credit creating a debt or to who a debt is owed", while the term "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a (4), (6).

Because the amended complaint fails to state a cognizable claim under the FDCPA, the court lacks subject matter jurisdiction under 28 U.S.C. 1331. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

ACCORDINGLY, for the reasons stated above, and for the reasons stated in the Court's December 19, 2018 Memorandum and Order, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

 /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE